UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMONY OREILLY,<br><br>      Plaintiff,<br><br>    v.<br><br>HIGH WIRE NETWORKS, INC.,<br><br>      Defendant. | Case No. 1:24-cv-00953-KES-CDB<br><br>ORDER DENYING COUNSEL FOR DEFENDANT'S MOTION TO WITHDRAW<br><br>(Doc. 24) |

**Background**

Plaintiff Harmony Oreilly initiated this action with the filing of a complaint in state court on July 1, 2024. (Doc. 1-7). Defendant High Wire Networks, Inc., removed the action on August 15, 2024. (Doc. 1).

On February 18, 2026, counsel for Defendant filed a motion to withdraw as counsel, supported by a declaration. (Doc. 24). By her supporting declaration, counsel Brittney L. Turner represents that there has been a breakdown in the attorney-client relationship after a mediation on October 27, 2025, due to Defendant "failing to satisfy a material obligation to [counsel] and a result of Defendant making it unreasonably difficult for [counsel] to continue to effectively represent Defendant." (Doc. 24-2 ¶ 4). Counsel represents that she cannot provide further details due to "ethical obligations to Defendant." *Id.* ¶ 5. According to their papers, counsel has made multiple requests to Defendant to satisfy the unnamed material obligation, identifying dates

throughout January and February 2026, and provided advance notice of their intent to withdraw and the fact that Defendant, as a corporate entity, may not represent itself. *Id.* ¶¶ 6-8. Counsel declares that Defendant provided no guidance regarding whether to oppose Plaintiff's motion to enforce the settlement, despite "numerous efforts to obtain a response." *Id.* ¶ 9. Counsel asserts that she attempted (unsuccessfully) to communicate with Plaintiff's counsel regarding the motion and that Plaintiff's counsel did not respond. Counsel declares Defendant was provided a copy of this motion via email and overnight courier at its last known address. *Id.* ¶¶ 11-15.

**Governing Authority**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id.* The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id.*

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id.* The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a

2

proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules.  Cal. R. Prof. Conduct 1.6(d).  Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or when the client "breaches a material term of an agreement" with the attorney relating to the representation.  Cal. R. Prof. Conduct 1.6(b)(4) & (5).

**Discussion**

As a preliminary matter, counsel's motion is improperly noticed for hearing before the assigned district judge given that granting leave to withdraw from representation is not dispositive of the case and, thus, within a magistrate judge's "pretrial duties" or "additional duties" delegated pursuant to the Federal Magistrates Act.  *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 302(a).

As to the merits of the motion, Defendant's counsel provides insufficient details to permit the Court to adequately balance the equities in deciding whether to grant the relief requested based on the grounds asserted (a breakdown in the attorney-client relationship and failure to comply with a material obligation).  *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").  Thus, for instance, although counsel's motion appears to implicate Cal. R. Prof. Conduct 1.16(b)(4) and (5), her declaration does not demonstrate with sufficient detail that the recent breakdown she attests to experiencing with her client "renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. R. Prof. Conduct 1.16(b)(4).  Nor does counsel provide any particulars regarding the Defendant's breach of a material obligation.  As counsel provides only generalized assertions regarding any breakdown in the attorney-client relationship and breach of a material obligation, the Court is unable to sufficiently balance the equities in deciding upon the requested relief.

Accordingly, counsel's motion to withdraw will be denied without prejudice.  Counsel

may file a renewed motion to withdraw supported by an accompanying affidavit setting forth with sufficient particularity the circumstances counsel asserts support withdrawal. Counsel may include an accompanying application to seal, as appropriate, should she deem the information to be disclosed protectible under Local Rule 141 as privileged or otherwise. In short, the Court requires details about the circumstances prompting counsel to assert that the attorney-client relationship has broken down, including among other details, the nature and format/form (*i.e.,* mail, email, telephone, text) of counsel's communications or attempted communications with the clients, the dates on which counsel did or attempted to communicate with the clients, the dates of any responses by the clients, and a description of what prompted the breakdown. The Court also requires details about the material obligation that counsel asserts Defendant failed to satisfy, including the obligation itself, the reasoning for why it is material, the format/form and dates of any communications concerning the failure, as well as any relevant details of the communications and a description of Defendant's asserted failure.

**Conclusion and Order**

For the reasons stated above, counsel for Defendant's motion to withdraw (Doc. 24) is HEREBY DENIED without prejudice, and the hearing on the motion set before the presiding district judge for April 6, 2026, is VACATED.

Any renewed motion to withdraw shall be supplemented with a supporting declaration of counsel and accompanying application to seal consistent with Local Rule 141, if appropriate, in which counsel provides additional details regarding the bases for withdrawal, as described above. Any renewed motion shall be properly noticed for hearing before the undersigned and served upon Defendant in accordance with Local Rule 182.

IT IS SO ORDERED.

Dated:   **February 19, 2026**   _____
UNITED STATES MAGISTRATE JUDGE

4