UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMONY OREILLY, | Case No. 1:24-cv-00953-KES-CDB |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE OR LODGE SETTLEMENT AGREEMENT |
| v. | |
| HIGH WIRE NETWORKS, INC., | (Doc. 22) |
| Defendant. | **April 3, 2026 Deadline** |

**Background**

Plaintiff Harmony Oreilly initiated this action with the filing of a complaint in state court on July 1, 2024. (Doc. 1 at 13). Defendant High Wire Networks, Inc., removed the case on August 15, 2024. (Doc. 1). The Court entered the operative scheduling order on November 21, 2024, and granted the parties' stipulated request to amend the scheduling order, as modified, on June 9, 2025. (Docs. 12, 18).

On January 20, 2026, Plaintiff filed an ex parte motion for an order enforcing settlement agreement. (Doc. 20). After the assigned district judge denied the motion for failure to comply with the Court's Standing Order and the Local Rules (Doc. 21), Plaintiff filed a renewed motion for an order enforcing the settlement agreement, on February 4, 2026 (Doc. 22). Defendant failed to timely file an opposition or statement of non-opposition to Plaintiff's motion, with counsel for Defendant opting instead to file a motion to withdraw as attorneys of record (Doc. 26).

**Discussion**

In the motion, Plaintiff states the parties engaged in a mediation on November 4, 2025, and signed a settlement agreement which was executed on November 5, 2025. (Doc. 22-1 at 2). The settlement agreement called for performance within 30 days of execution and Plaintiff completed all conditions on November 10, 2025, "requiring payment no later than December 10, 2025." Plaintiff states that "Defendant's payment is over 30 days late at the filing of this application, and Defendant's counsel has not provided any reason why this is the case to Plaintiff's counsel." Plaintiff asserts that, because the settlement agreement is confidential, it is not attached to this application but "Plaintiff will lodge it at the Court's request." Plaintiff represents that Defendant's failure to perform results in damages every day that "she does not receive the settlement payment she is entitled to." *Id.* at 2.

Plaintiff cites to California state authority for the proposition that parties may "enforce a written settlement agreement made outside the presence of the Court by making a motion under Code of Civil Procedure section 664.6 to obtain a judgment." Plaintiff seeks $4,975.00 in attorney's fees and costs in conjunction with enforcing the agreement and states that the agreement "contains a 664.6 provision, as well as an entitlement to attorneys costs/fees required to enforce the obligations of the agreement." Contradicting her earlier representation in the motion, Plaintiff then states the settlement agreement is attached. *Id.* at 3. Plaintiff does not, however, attach the settlement agreement to the motion or counsel's accompanying declaration. *See* (Doc. 22). Nor is the settlement agreement attached to the prior ex parte motion. *See* (Doc. 20).

Plaintiff attaches to her motion the declaration of counsel Todd M. Friedman. (Doc. 22-2). Mr. Friedman represents that the parties signed a settlement agreement on November 5, 2025, which required performance by Defendant within 30 days of completion of Plaintiff's obligations, which Plaintiff completed by November 10, 2025, and Defendant has failed to perform and failed to provide any reason for the failure. Mr. Friedman represents that the settlement agreement is confidential but that counsel is prepared to lodge it as ordered by the Court. *See id.*

In light of Plaintiff's requested relief in her motion for an order enforcing the settlement agreement and counsel's representations, the Court will direct Plaintiff to file or lodge the

2

settlement agreement with an accompanying application to seal or redact, as appropriate.

Separately, Local Rule 160 sets forth that "it is the duty of counsel to immediately file a notice of settlement or resolution" when an action has been settled or otherwise resolved by agreement of the parties. Local Rule 160. Based on Plaintiff's representations in her motion regarding dates of settlement, a settlement agreement was entered into by the parties on November 5, 2025, resolving the claims. *See* (Doc. 22). Thus, the parties failed to promptly file a notice of settlement on the docket. The parties are admonished to comply with all applicable Local Rules of this Court.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that, **no later than April 3, 2026**, Plaintiff shall file or lodge with the Court the parties' settlement agreement and any accompanying application to seal or redact, in compliance with the Local Rules. *See* Local Rule 141.

IT IS SO ORDERED.

Dated:   **March 31, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3