UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HARMONY OREILLY,

Plaintiff,

v.

HIGH WIRE NETWORKS, INC.,

Defendant.

Case No. 1:24-cv-00953-KES-CDB

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO SEAL DOCUMENTS

(Doc. 29)

**Deadline – Aug. 24, 2026**

Plaintiff Harmony Oreilly initiated this action with the filing of a complaint in state court on July 1, 2024. (Doc. 1-7). Defendant High Wire Networks, Inc., removed the action on August 15, 2024. (Doc. 1). On February 4, 2026, Plaintiff filed a motion for an order enforcing settlement agreement pursuant to section 664.6. (Doc. 22). Thereafter, the Court ordered Plaintiff to file or lodge the operative settlement agreement. (Doc. 28). Plaintiff lodged a copy of the settlement agreement with the Court and filed the pending request to seal. (Doc. 29). Respondents did not file any opposition to the request and the time to do so has passed.

**Governing Authority**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf.*

*Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where a party seeks to bar the public from accessing a litigation document in connection with a dispositive filing, this presumed right can be overcome if that party demonstrates "compelling reasons" supported by specific factual findings why sealing the record outweighs the historical preference for disclosure. *Kamakana*, 447 F.3d at 1178-79. The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard, which is a "high threshold." *Id.* at 1180.

**Discussion**

Plaintiff requests to seal the settlement agreement entered into by Plaintiff and Defendant on November 5, 2025, and lodged in connection with Plaintiff's motion to enforce settlement agreement pursuant to California Code of Civil Procedure § 664.6 (Doc. 22). Defendant did not file an opposition to the request to seal nor otherwise respond to the request.

The Court finds that, as Plaintiff's motion to enforce the settlement agreement seeks relief under section 664.6, which operates by entering judgment based on the terms of the settlement agreement, the motion is a dispositive filing which requires a showing of "compelling reasons" in connection with a request to seal a litigation document. *See* (Doc. 22); Cal. Civ. Proc. Code § 664.6(a).

Upon review of the settlement agreement, the Court finds that it contains a confidentiality clause. However, this alone is insufficient to demonstrate "compelling reasons." *See M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 2:11-cv-01985-GEB, 2012 WL 1574801, at *2 (E.D. Cal.

May 3, 2012) ("[t]he [mere] fact that the parties' agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that a[ ] [court] approved ... settlement agreement is a judicial record, open to the public … Once the matter is brought to the court for resolution, it is a public matter. It is immaterial that sealing of the settlement agreement is an integral part of a negotiated settlement between the parties.") (citations and quotation omitted; alterations in original); *Gamble v. Arpaio*, No. CV-12-790-PHX-GMS, 2013 WL 142260, at *5 (D. Ariz. Jan. 11, 2013) (finding that "the parties' prior settlement agreement required them to maintain the confidentiality of the terms of their agreement is not a compelling reason to seal the settlement agreement upon the filing of a dispositive motion").

Plaintiff's request to seal cites numerous cases decided by California courts. Such authority is not persuasive here. That the motion to enforce the settlement agreement is filed pursuant to a California statute does not change the fact that federal authorities govern a request to seal documents accompanying the motion. In her request, Plaintiff fails to present "compelling reasons" outside of the existence of the confidentiality provision and general notions of public policy favoring settlement. However, even if the Court were to credit Plaintiff's contentions, there is a "strong presumption in favor of access" to litigation documents and overcoming this presumption in connection with a dispositive filing is a "high threshold." *Kamakana*, 447 F.3d at 1179-80; *see California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1125 (C.D. Cal. 2005) ("The presumption of access exists because the citizens are entitled to observe, monitor, understand and critique their courts-even in the most mundane of cases that excite no media interest-because what transpires within our courtrooms belongs to our citizens in a fundamental way. This is why we require not just a showing of some possible reason to justify closure of the court to the public, but a showing of a *compelling* one.") (emphasis in original).

As Plaintiff does not provide any other grounds on which the Court may find "compelling reasons" to seal the settlement agreement, Plaintiff's request to seal will be denied without prejudice. Plaintiff may file a renewed request to seal or to redact the settlement agreement that sets forth "compelling reasons" for sealing or for appropriate redactions.

///

**<u>Conclusion and Order</u>**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to seal (Doc. 29) is DENIED; and
2. **No later than August 24, 2026**, Plaintiff SHALL either:
    a. File publicly on the docket the settlement agreement;

    ***Or***

    b. File a renewed request to seal or redact the settlement agreement setting forth "compelling reasons" as set forth above.

IT IS SO ORDERED.

Dated: **August 17, 2026**

UNITED STATES MAGISTRATE JUDGE