UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HARMONY OREILLY,

Plaintiff,

v.

HIGH WIRE NETWORKS, INC.,

Defendant.

Case No. 1:24-cv-00953-KES-CDB

FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO ENFORCE SETTLEMENT AGREEMENT

ORDER DIRECTING COUNSEL FOR PLAINTIFF TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF FEE REQUEST

(Doc. 22)

ORDER DENYING COUNSEL FOR DEFENDANT'S MOTION TO WITHDRAW

(Doc. 26)

**7-Day and 14-Day Deadlines**

**Background**

Plaintiff Harmony Oreilly initiated this action with the filing of a complaint in state court on July 1, 2024. (Doc. 1-7). Defendant High Wire Networks, Inc., removed the action on August 15, 2024. (Doc. 1).

On January 20, 2026, Plaintiff filed an *ex parte* application for an order enforcing settlement agreement under California Code of Civil Procedure § 664.6. (Doc. 20). The Court denied the application without prejudice on January 22, 2026, for Plaintiff's failure to comply with the Local Rules and set forth good cause for *ex parte* relief. (Doc. 21). On February 4,

2026, Plaintiff filed the pending motion for an order enforcing settlement agreement pursuant to section 664.6. (Doc. 22). The motion was referred to the undersigned by the presiding district judge for preparation of findings and recommendations. (Doc. 27). Thereafter, the Court ordered Plaintiff to file or lodge the operative settlement agreement. (Doc. 28). Plaintiff lodged a copy of the settlement agreement with the Court and filed an accompanying request to seal. (Doc. 29). Defendant did not file any opposition or response to Plaintiff's motion and the time to do so has expired.

Separately, on February 18, 2026, counsel for Defendant filed a motion to withdraw from representation. (Doc. 24). The Court denied the motion without prejudice on February 19, 2026. (Doc. 25). Counsel filed the pending renewed motion on February 25, 2026. (Doc. 26). The Court held a hearing on the motion to withdraw on April 6, 2026. Todd Friedman appeared on behalf of Plaintiff and Amanda Zachwieja appeared on behalf of Defendant; Defendant did not appear. (Doc. 30). During the hearing, the Court directed Plaintiff's counsel to file supplemental briefing addressing whether the Court may grant the pending motion to enforce the settlement agreement if Defendant is without representation (Doc. 31); Plaintiff timely filed supplemental briefing (Doc. 35). The Court preliminarily granted counsel for Defendant's motion to withdraw contingent upon and only effective following the Court's anticipated entry of a written order disposing of the motion. (Doc. 31).

**<u>Governing Authority</u>**

**A. Motion to Enforce Settlement Agreement**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "However, the district court may enforce only *complete* settlement agreements." *Id.* (emphasis in original; citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)). Principles of state contract law govern the construction and enforceability of settlement agreements. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) (citing *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993)).

California Code of Civil Procedure section 664.6 applies to motions for enforcement of

settlement agreements in federal court. *See Finney v. Ford Motor Co.*, No. 17-cv-06183-JST, 2018 WL 5879730, at *3 (N.D. Cal. Nov. 7, 2018) (citing cases and noting that "because California Code of Civil Procedure Section 664.6 is a provision of state substantive law, it imposes additional requirements on the enforcement of settlements in federal diversity suits raising claims under California law"); *see also Renaissance Ribbons, Inc. v. Hadley Pollet, LLC*, No. 2:07-cv-1271-JAM-DAD, 2008 WL 5179096, at *2 (E.D. Cal. Dec. 8, 2008) (conducting an analysis pursuant to *Erie Railroad v. Thompkins* and finding section 664.6 applicable).

Section 664.6 provides in relevant part: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Cal. Civ. Proc. Code § 664.6(a). To enforce a settlement agreement pursuant to section 664.6, the parties "must first agree to the material terms of a settlement contract." *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 797 (1998). Second, enforcement under California law requires a signed writing or, alternatively, an oral stipulation before the court. *See id.*; Cal. Civ. Proc. Code § 664.6. Section 664.6 previously required the parties themselves, rather than counsel, be signatories to the agreement, but this requirement was changed by statutory amendment to allow signature of counsel. *See Greisman v. FCA US, LLC*, 103 Cal. App. 5th 1310, 1313 (2024).

Section 664.6 is discretionary and functions by entering judgment based on the terms in the settlement agreement. *See Pompano v. City of Hermosa Beach*, No. CV 04-7929 CBM (RCX), 2010 WL 11680108, at *3 (C.D. Cal. June 9, 2010) ("Section 664.6 states that the court 'may enter judgment', not shall. Accordingly, the California legislature, like the authors of the Federal Rules of Civil Procedure, recognizes that a court has the equitable discretion to decide whether to enter judgment."); *Produce Pay, Inc. v. FVF Distributors Inc.*, No. 20-cv-517-MMA (BGS), 2022 WL 1342939, at *5, 7 (S.D. Cal. May 3, 2022) (noting section 664.6 is discretionary and that it "was enacted to provide a summary procedure for specifically enforcing a settlement contract without the need for a new lawsuit").

///

**B. Motion for Attorney's Fees**

"The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Director, Office of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

District courts in the Ninth Circuit are required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (internal citation and quotation marks omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 978 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

For the purposes of analyzing fee awards, "[l]odestar analysis is generally the same under California law and [f]ederal law." *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1017 (C.D. Cal. 2014), aff'd, 891 F.3d 776 (9th Cir. 2018). A "trial court has broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles." *Ellis v. Toshiba Am. Info. Sys., Inc.*, 218 Cal. App. 4th 853, 881 (2013), *as modified* (Aug. 14, 2013), *as modified on denial of reh'g* (Sept. 10, 2013) (citation and quotation omitted). The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at

562 ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee ..."). It follows that "[a]djustments to the lodestar amount are allowed only if circumstances warrant ... and are reserved for rare or exceptional cases." *Rouse v. L. Offs. of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010) (internal citations and quotation marks omitted).

In light of these governing standards, any adjustments to the lodestar must be carefully tailored, drawing from a finite pool of factors relevant to the reasonableness determination and only to the extent a factor has not been subsumed within the lodestar calculation. *See Camacho*, 523 F.3d at 982 (citing the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Those factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount of money involved and the results obtained; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Rouse*, 603 F.3d at 705; *see Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (affirming district court's refusal to adjust lodestar based on other factors, such as minimal discovery and minimal court appearances).

**C. Motion to Withdraw**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "[I]n ruling on a motion to withdraw, courts have looked at several factors including: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing cases, and noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known

address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or when the client "breaches a material term of an agreement" with the attorney relating to the representation. Cal. R. Prof. Conduct 1.6(b)(4) & (5).

**Discussion**

**A. Motion to Enforce Settlement Agreement**

i. Analysis

Plaintiff asserts that the parties engaged in a mediation on November 4, 2025, where they resolved the matter and signed a settlement agreement, which was executed on November 5, 2025. (Doc. 22-1 at 2). The settlement agreement called for performance within 30 days of execution. Plaintiff states that she completed the required conditions by November 10, 2025, meaning payment was required under the agreement no later than December 10, 2025. Defendant did not pay Plaintiff and did not provide any reason for the failure to comply. *Id.* Plaintiff's counsel Todd Friedman attests to these facts and circumstances in his accompanying declaration. *See* (Doc. 22-2). Plaintiff lodged the operative settlement agreement with the Court along with a request to seal. (Doc. 29). Plaintiff asserts that the settlement agreement contains a section 664.6 provision as well as a provision for attorney's fees and costs incurred to enforce the obligations therein. Plaintiff seeks $4,975.00 in attorney's fees and costs in conjunction with enforcement of the parties' agreement. (Doc. 22-1 at 3).

"Under California law, a valid and enforceable contract is created by establishing the following: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient consideration. Contract formation also requires that the parties reach mutual assent or consent on definite or complete terms. Terms of a contract must be sufficiently definite in all particulars essential to its enforcement." *Gamble v. Synchrony Bank*, No. EDCV 19-1229 JGB (SPX), 2020 WL 12991563, at *2 (C.D. Cal. May 15, 2020) (citing, *inter alia*, Cal. Civ. Code § 1550 & *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850 (1999)).

The undersigned's review of the operative agreement confirms its incorporation of a section 664.6 provision as well as a provision for recovery of costs and reasonable attorney's fees incurred by the prevailing party with respect to a dispute over enforcement of material terms. The agreement is signed by both Plaintiff and Defendant on November 5 and November 4, 2025, respectively. Defendant has not challenged or disputed these facts. Accordingly, the record shows that both Plaintiff and Defendant agreed to the material terms and there is nothing before the Court to suggest that the contract was not a complete agreement. *See Tiger Bay Vill. Corp. v. Yihe Corp.*, No. CV 13-08837-RSWL-FFM, 2014 WL 3662259, at *3 (C.D. Cal. July 18, 2014) (finding an enforceable settlement agreement where there was no dispute between the parties regarding its existence, execution, or material terms). Additionally, the written agreement was entered into while the action was pending before this Court. *See Callie*, 829 F.2d at 890; *cf. Choumas Produce Co. v. Acad. Fruit Sales, LLC*, No. 1:18-cv-00457-LJO-SKO, 2018 WL 2047237, at *2 (E.D. Cal. May 2, 2018) ("[] California cases establish that the summary procedure provided by Section 664.6 cannot be used to enforce a settlement reached before suit was filed.") (citing *Kirby v. S. California Edison Co.*, 78 Cal. App. 4th 840, 843-44 (2000)).

Plaintiff asserts that, despite her performance, Defendant failed to complete its obligations under the agreement. (Doc. 22-1 at 2). Again, Defendant has not challenged or disputed these facts. Thus, the record before the Court shows that the parties have entered into an enforceable agreement and Defendant has failed to complete its obligations therein. Therefore, Defendant is in material breach of the settlement agreement. As the agreement

contains a section 664.6 provision, the undersigned finds that the Court may enter judgment pursuant to the terms of the settlement agreement. *See Tiger Bay*, 2014 WL 3662259, at *4 ("Because the Parties in the instant Action have entered into an enforceable agreement, the Court may enter a judgment pursuant to the Agreement's terms."); *York Int'l Corp. v. RVD Heating & Air Conditioning*, No. CV F 08-0480 LJO DLB, 2009 WL 33423, at *2 (E.D. Cal. Jan. 5, 2009) ("In the absence of a dispute over the settlement agreement or the requested judgment, entry of judgment is proper.").

Accordingly, the undersigned will recommend that the motion to enforce the settlement agreement be granted and judgment entered.

ii. Attorney's Fees

Language in a settlement agreement regarding attorney's fees should be read literally, with the words given their ordinary or usual legal meanings. *See TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986); *Reudy v. Clear Channel Outdoors, Inc.*, 693 F. Supp. 2d 1091, 1097 (N.D. Cal. 2010), *aff'd sub nom. Reudy v. CBS Corp.*, 430 F. App'x 568 (9th Cir. 2011) (noting that "[w]hen interpreting attorneys' fees clauses, ordinary rules of contract interpretation apply"). "Additionally, Cal. Civ.[ ]Code § 1717 permits courts to award reasonable attorneys' fees where parties to a contract have agreed to award attorneys' fees and costs to the prevailing party in an enforcement action." *Tiger Bay*, 2014 WL 3662259, at *7 (citing, *inter alia*, Cal. Civ. Code § 1717); *see Winding v. Wells Fargo Bank*, No. 1:11-cv-00555-AWI, 2012 WL 603217, at *10 (E.D. Cal. Feb. 23, 2012), *report and recommendation adopted*, 2012 WL 4468430 (E.D. Cal. Sept. 26, 2012), *aff'd sub nom. Winding v. Wells Fargo Bank, NA*, 706 F. App'x 918 (9th Cir. 2017) ("Under California law, California Civil Code § 1717 is the applicable statute when determining whether and how attorney's fees should be awarded under a contract.").

For section 1717 to apply, first, "the contract must contain a provision stating that attorney's fees incurred to enforce the contract shall be awarded either to one of the parties or to the prevailing party." *In re Penrod*, 802 F.3d 1084, 1087 (9th Cir. 2015). Second, the party seeking fees must be the prevailing party, meaning "the party who recovered a greater relief in

the action on the contract." *Id.* (citing Cal. Civ. Code § 1717(b)(1)). Third, the attorney's fees requested must be reasonable. *See* Cal. Civ. Code § 1717 (holding that prevailing party is "entitled to reasonable attorney's fees in addition to other costs" and "[r]easonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit").

Here, upon review of the settlement agreement, the undersigned finds that it contains a clause providing for attorney's fees and costs to a prevailing party in connection with any dispute over enforcement of material terms. In the event the presiding district judge, after *de novo* review, adopts the undersigned's findings and recommendations to grant the motion to enforce the settlement and thereafter enters judgment on the terms of the agreement, it is clear that Plaintiff will be a prevailing party as judgment will be entered in her favor.

Plaintiff's counsel Todd Friedman, in his accompanying declaration, states that counsel Meghan George incurred 6.5 hours of fees in attempting to track down payment; consulting with Plaintiff regarding the motion; consulting with firm attorneys and staff regarding the motion; and preparing and filing the motion. Mr. Friedman declares that he incurred one hour reviewing the motion. Mr. Friedman represents that his billing rate is $750 per hour and Ms. George's rate is $650 per hour. In total, Plaintiff's counsel seek $4,975.00 in attorney's fees in connection with enforcing the settlement agreement. (Doc. 22-2 ¶ 8).

Counsel does not provide an itemization of time setting forth precisely how much time Ms. George spent on each task and the dates and times when each entry was incurred by Ms. George and Mr. Friedman. Additionally, counsel provide no affidavit in support of whether their hourly rates are reasonable.

Thus, the undersigned will order counsel to file a supplemental declaration setting forth an itemization of time spent by each attorney, an explanation of each entry, the date each entry was incurred, and supporting reasoning and/or documentation for their requested hourly rates.

**B. Motion to Withdraw**

i. <u>Counsel's Motion</u>

In her declaration accompanying the motion to withdraw, Defendant's counsel Brittney L. Turner states that the parties attended a mediation on October 27, 2025. Following

mediation, there was a "breakdown in the attorney client relationship as a result of Defendant failing to satisfy a material obligation to [counsel]." Ms. Turner provides that, as of the date of her declaration, Defendant "remains delinquent on all costs and fees incurred in this matter," including "many months of work" by counsel and making it "unreasonably difficult for [counsel] to continue to effectively represent Defendant." (Doc. 26-2, Declaration of Brittney L. Turner ("Turner Decl.") ¶¶ 3-4).

Ms. Turner represents that counsel has communicated with Mark Porter, Defendant's representative, "primarily by email and with occasional telephone calls," having made "multiple requests to Defendant via email to Mr. Porter to satisfy its material obligation," and "provided Defendant [] advance notice of its intent to withdraw from the representation." Ms. Turner lists the following as dates on which counsel emailed Mr. Porter, all in 2026: January 12, 15, 20, and February 4, 5, 11, 18, and 23. Ms. Turner states that counsel attempted to reach Mr. Porter by telephone on December 9, 12, and 18, 2025, to discuss the material obligations due but Mr. Porter "did not answer or return [counsel's] calls but did respond to some of [counsel's] emails throughout that time period"; Ms. Turner does not provide when said emails were sent by counsel, their contents, the date of the response, or the content of the response. *Id.* ¶¶ 5-6.

Ms. Turner declares that counsel advised Defendant that, as a corporate entity, it would not be permitted to represent itself upon counsel's withdrawal; the dates of these emails are provided as February 4, 18, and 23, 2026, with counsel receiving no "communication indicating that Defendant has retained new counsel in this matter." Ms. Turner asserts that Defendant "failed to provide any guidance to [counsel] regarding whether to oppose Plaintiff's motion to enforce the settlement, despite [Ms. Turner's] efforts to obtain a response from Defendant via email in January and February 2026." *Id.* ¶¶ 8-9.

"On February 4, 2026, Mr. Porter advised that he would no longer be involved with the Defendant and that he would pass along [counsel's] prior communications" to the appropriate representative for Defendant. Ms. Turner responded that same day requesting contact information for the representative but did not receive a response; counsel emailed Mr. Porter

again on February 11, 18, and 23, 2026, requesting the contact information and notifying of counsel's intent to withdraw. Ms. Turner states that, as of the date of the motion (February 25, 2026), counsel has not received any such contact information for Defendant. The "only other client contact that [counsel] had for Defendant, Curt Smith, is no longer working for Defendant." Ms. Turner "learned that when [she] called Mr. Smith in December 2025 in an effort to get in touch with Defendant," with Mr. Smith informing her that he had "left the organization many months prior." *Id.* ¶¶ 10-11.

Ms. Turner provides the last known address of Defendant (30 N Lincoln Street, Batavia, Illinois 60510) and states that in all of counsel's "email communications with Mr. Porter, [counsel] never received any message that the email was undelivered" and that she believes "all emails sent by [her] office to Defendant were properly delivered." *Id.* ¶¶ 12, 14. Ms. Turner states that, on February 12, 2026, counsel communicated with Plaintiff's counsel regarding the substance of the motion to withdraw and requested a telephonic meet and confer to discuss the motion; counsel followed up on February 13, 16, and 23, 2026. Plaintiff's counsel did not respond to the requests to meet and confer. Ms. Turner states that counsel provided Defendant with a copy of the first motion to withdraw on February 18, 2026, at Defendant's last known address; delivery was attempted twice to serve the renewed motion at the last known address, on February 20 and 23, 2026, but both attempts were unsuccessful as the building was closed. *Id.* ¶¶ 15-18, 20.

Ms. Turner states that, on February 23, 2026, counsel emailed Defendant to provide notice of the Court's order denying the first motion to withdraw, informed Defendant of its intent to file a renewed motion, advised Defendant it could not represent itself in this matter, and requested contact information for Defendant's new representative; counsel did not receive a response. On February 25, 2026, counsel emailed Defendant a copy of the renewed motion and sent a copy to Defendant via FedEx at its last known address; on February 25, 2026, counsel sent a copy of the renewed motion to Defendant's registered agent for service as of the date of February 24, 2026: VCorp Services, LLC, at 108 W. 13th Street, Suite 100, Wilmington, Delaware 19801. *Id.* ¶¶ 21-23.

ii. Analysis

As noted above, in ruling on a motion to withdraw as counsel, "courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Shuttermart of Cal., Inc.*, 2008 WL 410694, at *2; *see Magellan Grp., LLC*, 2009 WL 3367489, at *2 (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

Here, the undersigned acknowledges the challenges counsel confronts based on Defendant's alleged failure to cooperate in the litigation, failure to communicate, and failure to pay its legal bills. However, the Court entered the operative scheduling order in November 2024 after convening with the parties for scheduling conference (Docs. 11, 12) and, thereafter, granted the parties' request for generous extensions of the case management deadlines (Doc. 18). Non-expert discovery already had closed by the time Plaintiff filed its first motion to enforce the parties' settlement agreement and counsel for Defendant did not seek to withdraw until approximately one month later (Docs. 20, 24). The only remaining motion pending for the Court's is Plaintiff's motion to enforce the settlement agreement (Doc. 22). Although Defendant's failure to pay legal fees unquestionably causes counsel to suffer a financial burden, at this late stage of proceedings, it is unclear what additional litigation would be required and counsel has not adequately articulated in the motion papers how or why any remaining tasks would require a significant expenditure of resources. *See Cap. Pure Assets, Ltd. v. CC Tech. Corp.*, No. 2:24-cv-00680-NJK, 2025 WL 1362634, at *1 (D. Nev. Mar. 10, 2025) ("It appears that the clients may have failed to pay their legal bills, but it is not clear why that would require withdrawal at this late stage given what appears to be limited legal work remaining. The only pending motion at present is one to enforce settlement.").

Defense counsel asserts that "neither party will be prejudiced" by its withdrawal because "Defendant has received written notice reasonably in advance of trial and any other hearings, and the parties have already reached a settlement agreement." (Doc. 26-1 at 5; citing Turner Decl. ¶ 19). But counsel does not reconcile this notion with the fact that Plaintiff has

filed a motion to enforce that settlement agreement due to Defendant's asserted breach thereof. As counsel acknowledges in their motion, Defendant is a corporate entity that cannot proceed in this action without representation. In Plaintiff's supplemental brief, Plaintiff asserts that, among other things, the relief sought in the motion to enforce settlement agreement "does not require the Court to compel Defendant to undertake litigation activity it cannot perform without counsel." (Doc. 35 at 3-4). However, the undersigned finds that, for instance, an unrepresented Defendant would be unable to file objections to the undersigned's findings and recommendations, possibly necessitating extensions of that deadline until Defendant retains counsel.

Thus, the undersigned finds that permitting counsel to withdraw at this juncture would prejudice Plaintiff. Defendant would be required to retain new counsel for the case to move forward. Based on Defendant's lack of responsiveness as set forth in counsel's motion, in the likely event that Defendant failed to retain counsel, the action could not progress. The action is presently at a late stage, with Plaintiff's motion to enforce the settlement agreement, and thereby enter judgment, pending.

Additionally, to permit counsel to withdraw would harm the administration of justice and delay resolution of the case. Counsel for Defendant have represented HWN since the removal of the action to this Court on August 15, 2024, a length of approximately two years. *See* (Doc. 1). The action now awaits the presiding district judge's *de novo* review of the undersigned's findings and recommendations to grant the Plaintiff's motion to enforce the settlement agreement. Thus, withdrawal of counsel would entail significant trauma to these proceedings as it would require new counsel to familiarize themselves with the preceding two years of litigation. *See Kelly v. Cuomo*, No. 2:18-cv-00923-JAD-MDC, 2025 WL 1489726, at *9 (D. Nev. May 23, 2025) (denying motion to withdraw pending counsel's notice of compliance with court's discovery order, noting that "the defendant will be prejudiced, and the administration of justice may be harmed, if counsel withdraws prior to complying with the Court's Order because counsel has worked on all the previous supplements. There is also a risk that allowing counsel to withdraw prior to complying with this discovery Order will delay

resolution of this case.").

In sum, given the present posture of the case and having balanced the competing equities, the Court will deny counsel for Defendant's motion to withdraw. As noted above, while the Court is sensitive to the challenged circumstances as described in counsel's motion, to permit withdrawal at this late stage of the proceeding would prejudice Plaintiff, harm the administration of justice, and delay the resolution of this case. As all that presently remains is the district judge's *de novo* review of the undersigned's findings and recommendations to grant Plaintiff's motion to enforce the settlement agreement, the undersigned finds that the prejudice to counsel is relatively minimal as there is little that remains in this case that could cause counsel to expend resources. *See Arroyo Escondido, LLC v. Balmoral Farm, Inc.*, No. 2:19-cv-08464-ODW (DFMx), 2023 WL 3564729, at *2 (C.D. Cal. Apr. 12, 2023) (finding harm to the administration of justice and denying motion to withdraw, noting that counsel had represented the plaintiff "since the inception of this case and for more than three years. Withdrawal at this late stage of the case, when all that remains is trial, would be highly prejudicial"); *Rosen v. Urb. Commons, LLC*, No. 8:20-cv-01973-JLS-DFM, 2021 WL 11702069, at *2 (C.D. Cal. June 29, 2021) (finding it "highly prejudicial to Plaintiffs, and to the timely administration of justice, to allow Defense Counsel to withdraw—particularly because the ongoing proceedings involve Plaintiffs attempts to enforce the Court's orders … Moreover, if Defense Counsel is correct, and this action in its entirety is subject to the automatic bankruptcy stay, then Defense Counsel will not be significantly prejudiced as there will be no activity in this case.").

**<u>Conclusion and Order</u>**

For the reasons stated above, it is HEREBY ORDERED that:

1. Counsel for Defendant's renewed motion to withdraw (Doc. 26) is DENIED.
2. **Within seven (7) days** of entry of this order, counsel for Plaintiff shall file a supplemental declaration in support of their request for attorney's fees, setting forth the following:
    a. An itemization of time spent by each attorney, with an explanation of each

entry and the date that each entry was incurred; and

b. Supporting reasoning and/or documentation for each attorney's requested hourly rates.

And it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to enforce the settlement agreement (Doc. 22) be GRANTED;
2. Judgment be ENTERED in favor of Plaintiff based on the terms of the settlement agreement (*see* Cal. Civ. Proc. Code § 664.6(a)); and
3. This Court retain jurisdiction for the sole purpose of adjudicating Plaintiff's counsel's request for attorney's fees.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 17, 2026**

UNITED STATES MAGISTRATE JUDGE